UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MILES MATSUMURA,

             Plaintiff,

    -against-

SMART LLC d/b/a SMART TUITION
and SMART LLC,

             Defendants.
------------------------------------------------------------X

**VERIFIED COMPLAINT**

Docket No.: __ CV _____

**JURY TRIAL DEMANDED**

ECF Case

Plaintiff, Miles Matsumura, by his attorney, Christine A. Rodriguez, Esq., complaining of defendants, states and alleges as follows:

### NATURE OF THE CASE

1. Defendants hired plaintiff in June 2006 to be the Director of Product Development pursuant to an agreement in writing outlining the specific terms of the plaintiff's compensation for each of the first five years of plaintiff's employment with the defendants. The defendants induced the plaintiff to move from his home in Hawaii to the New York City area with the terms of compensation outlined in this agreement, upon which the plaintiff relied to his detriment.

2. On September 10, 2007, the defendants terminated the plaintiff's employment without any prior warning and without cause, thereby breaching the agreement that contemplated plaintiff's employment with the defendants for a term of at least five years.

### PARTIES

3. At all times mentioned herein, plaintiff was and remains a resident of the

State of New Jersey, County of Hudson.

4. Prior to September 2006, the defendants were owned by Parish Pay LLC, doing business as InTuition from Parish Pay, with its principal place of business at 40 Exchange Place, New York, NY 10005.

5. In September 2006, Parish Pay LLC purchased defendant SMART TUITION from First Investors Federal Savings Bank and subsequent to that merger, InTuition from Parish Pay was merged with defendant "SMART TUITION" to form defendant SMART TUITION LLC a Delaware limited liability company, doing business as SMART TUITION with its principal place of business at 50 Broadway, 21st floor, New York, NY 10004.

6. At all times mentioned herein subsequent to September 2006, defendant SMART LLC, was and is a Delaware limited liability company, with its principal place of business at 50 Broadway, 21st floor, New York, NY 10004.

7. At all times mentioned herein subsequent to September 2006, defendant SMART TUITION was and is a Delaware limited liability company, with its principal place of business at 50 Broadway, 21st floor, New York, NY 10004.

8. Upon information and belief, all contracts and liabilities survived the aforementioned merger, including the employment agreement between the defendants and the plaintiff negotiated and entered into in May 2006.

### JURISDICTION AND VENUE

9. Jurisdiction is specifically conferred upon this United States District Court by 28 U.S.C. §1332 based on the diversity of citizenship of the parties herein, and the amount in controversy, which exceeds the jurisdictional limit of $75,000, excluding

interest and costs.

10. Venue is laid within the United States District Court for the Southern District of New York in that the defendants' principal place of business is and the events giving rise to the claim in this action occurred within the boundaries of the Southern District of New York.

## FACTS

11. At all times mentioned herein, Andrew Golberger was and remains the Chief Executive Officer of the defendants.

12. At all times mentioned herein beginning in July 2007, John Cook was and remains the Chief Financial Officer of the defendants.

13. At all times mentioned herein, Andrew Yochum was the Chief Technology Officer of the defendants.

14. At all times mentioned herein, Franz Zerrudo was the Chief Financial Officer and Chief Operating Officer of the defendants until July 2007 when John Cook became Chief Financial Officer and Franz Zerrudo continued solely as Chief Operating Officer of the defendants.

15. The defendants are a tuition management services company that provides schools with the ability to offer the families of their students the option of paying for their tuition automatically through a variety of electronic and automatic debit means. The defendants also manage the individual tuition accounts for each school by processing tuition payments, reconciling tuition accounts and transferring funds to each school whose account the defendants manage by electronic means on a regular set schedule pursuant to the agreement that the defendants have with each client school.

16. Plaintiff was employed as the Director of Product Development for the defendants from June 1, 2006 through September 10, 2007 and in that capacity assisted the defendants with the record keeping for client school accounts.

17. Prior to being hired by the defendants, plaintiff resided in the state of Hawaii and had worked for the defendants for some time as an independent contractor.

18. Plaintiff negotiated the terms of his employment with Chief Operating Officer Franz Zerrudo, who acted with the consent of Chief Executive Officer Andrew Goldberger, and as a result of these negotiations, plaintiff and the defendants agreed to a term of a employment for a period of five years with specified amounts of salary, bonus, housing allowance, relocation expenses and travel allowances for two annual trips to Hawaii for plaintiff and his son.

19. Said agreement was memorialized in a series of emails between the plaintiff, Franz Zerrudo and Andrew Goldberger during May 12, 2006 through May 17, 2006.

20. The effective date of this agreement was June 1, 2006.

21. On September 10, 2007, Franz Zerrudo informed plaintiff that his employment with the defendants was terminated immediately.

22. Plaintiff satisfactorily performed all of the duties as Director of Product Development for the period of commencement of his employment to the date of discharge.

23. There was no prior warning and no cause for plaintiff's termination.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS

24. Plaintiff repeats, reiterates and realleges the allegations contained in

paragraphs 1 through 23 of this Complaint as if fully set forth herein.

25.  Plaintiff duly and satisfactorily performed all of the obligations to be performed on his part pursuant to the terms of his employment and position in a satisfactory manner at all times.

26.  Pursuant to the agreement negotiated on behalf of the defendants by Franz Zerrudo with plaintiff and agreed upon immediately prior to the commencement of the plaintiff's employment, plaintiff agreed to relocate from Hawaii to the New York City metropolitan area and reside in an apartment leased by the defendants in Jersey City, New Jersey.

27.  Additionally, pursuant to the agreement outlining the plaintiff's terms of employment, the defendants agreed to pay the plaintiff an agreed upon base salary and bonus for five years based on the following schedule:

|  | Year 1 | Year 2 | Year 3 | Year 4 | Year 5 |
|---|---|---|---|---|---|
| Base Salary | $85,000 | $93,500 | $102,850 | $113,135 | $124,449 |
| Potential Bonus | $17,000 | $18,700 | $20,570 | $22,627 | $24,890 |
| **Base + Bonus** | **$102,000** | **$112,200** | **$123,420** | **$135,762** | **$149,338** |

For years 2 through 5, the plaintiff was to receive a <u>guaranteed</u> 10% increase in base salary and the bonus was to be calculated at 20% of that year's base salary through year five. If the plaintiff continued employment with the defendants beyond the five years contemplated by the agreement, then his annual compensation would be increased by merit based increases from that point forward.

28. In lieu of the first year bonus, the plaintiff agreed to move into the defendants' "corporate apartment" in Jersey City, New Jersey and the bonus amount was applied to the monthly rent for the first year of plaintiff's employment.

29. Defendants also agreed to reimburse the plaintiff for the cost of airfare for himself and his son to return to Hawaii four times per year to visit his elderly parents and in the event that plaintiff was required to relocate to Hawaii during his employment, the defendants agreed to pay the plaintiff $5,000 towards relocation expenses.

30. On September 10, 2007, the Chief Operating Officer, Franz Zerrudo, upon information and belief, under the direction of the Chief Financial Officer, John Cook and with the knowledge and consent of Chief Executive Officer Andrew Goldberger, discharged plaintiff from his employment, without prior warning and without cause.

31. The termination of plaintiff's services before the completion of his first five years of employment with the defendants was contrary to the agreement by and between the parties.

32. Plaintiff has suffered damage by reason of the defendants' breach of the employment agreement.

33. The defendants had no cause to terminate plaintiff's employment.

34. Plaintiff performed all of the obligations and duties which were required to be performed on his part pursuant to the terms of this agreement.

35. The defendants partially performed their obligations pursuant to the employment agreement in that the plaintiff remained employed by the defendants for one year and three months out of the five years contemplated by the agreement, but failed to perform the remaining terms of agreement for the remainder of the five years.

36. The defendants' breach of contract has damaged plaintiff in the sum of $84,150 for the remainder of year 2 of the employment agreement and $408,520 for remainder of years three through five of the employment agreement, plus relocation expenses of $5,000 for a total of $497,670, not including costs, disbursements, attorneys' fees and punitive damages.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS

37. Plaintiff repeats and realleges each of the allegations set forth in the paragraphs 1 through 36 of the complaint.

38. On several occasions during July and August of 2007, the plaintiff expressed his concerns to Franz Zerrudo, John Cook, Andrew Yochum and Andrew Goldberg, about discrepancies in the defendants' financial reporting to clients, accounting methods that violated the Generally Accepted Accounting Principals (GAAP) and various errors in reports and financial transactions for individual client accounts.

39. The plaintiff's concerns were not addressed and other staff of the defendants who were working with the plaintiff on financial reporting to the defendants' clients was instructed by Andrew Yochum and John Cook to move forward with reports that contained errors or that were generated in violation of GAAP despite the concerns voiced by plaintiff. The plaintiff did not sign off on any reports generated in this manner because of the potential financial damage to clients in erroneous accounting and reporting of funds handled for clients by the defendants.

40. Upon information and belief, the plaintiff was discharged in retaliation for expressing his concern over accounting discrepancies concerning client accounts as described above.

41. This discharge was a direct, malicious and willful violation of the employment agreement with defendants since the discharge was retaliatory and without cause.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of the plaintiff in the amount of Four Hundred Ninety Seven Thousand Six Hundred Seventy ($497,670) Dollars on each of the plaintiff's Causes of Action;

B. Awarding plaintiff punitive damages in the amount of One Million ($1,000,000.00) Dollars on each of the plaintiff's Causes of Action;

C. Awarding plaintiff's reasonable attorney's fees, costs and disbursements of this action;

D. Granting such other and further relief as this Court deems just and proper.

### JURY DEMAND

Plaintiff demands a jury trial.

Dated: New York, New York
June 24, 2008

By: Christine A. Rodriguez (7353)
Attorney for Plaintiff
65 Broadway, Suite 847
New York, New York 10006
(212) 430-6525

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK      )
                       ) ss:
COUNTY OF NEW YORK     )

**CHRISTINE A. RODRIGUEZ, ESQ.**, an attorney duly admitted to practice before the Courts of the State of New York and the Southern District of New York, affirms the following to be true under the penalties of perjury:

I am the attorney of record for Plaintiff **MILES MATSUMURA**. I have read the annexed **VERIFIED COMPLAINT** and know the contents thereof, and the same is true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason I make the foregoing affirmation instead of the Plaintiff is because Plaintiff is not presently in the county wherein the attorneys for the Plaintiffs maintain their offices.

Dated:      NEW YORK, NEW YORK
            June 24, 2008

_____
Christine A. Rodriguez, Esq